United States District Court
District of Massachusetts

| | |
|---|---|
| Odette Taha,<br><br>    Plaintiff,<br><br>    v.<br><br>Anthony J. Blinken, et al.,<br><br>    Defendants. | Civil Action No.<br>24-11257-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

This is an action brought by plaintiff, Odette Taha ("plaintiff" or "Taha"), seeking a declaratory judgment and writ of mandamus to compel the adjudication of a visa application for her husband, Mostafa Sanan ("Sanan"). Pending before the Court is the motion to dismiss of defendants, Anthony J. Blinken, United States Secretary of State; Rene Bitter, Assistant Secretary for Consular Affairs; Julie Stufft, Deputy Assistant Secretary for Visa Services; Robert P. Sanders, Consul General of Montreal and the United States Department of State (collectively, "defendants"). For the following reasons, defendants' motion will be allowed.

I. **Background**

Plaintiff is a United States citizen who resides in Massachusetts. Her husband, Sanan, is a dual citizen of Canada

- 1 -

and Lebanon. Sanan attempted to enter the United States from Canada on two separate occasions but was denied entry. To facilitate a renewed effort to gain such entry for her husband, Taha filed an I-130 Petition for Alien Relative on behalf of Sanan with the United States Citizenship and Immigration Services ("USCIS"). In December, 2022, plaintiff submitted a request for expedited processing of the visa which the USCIS declined.

Sanan later applied for a B-2 tourist visa in Toronto, Canada, in June, 2023. Because plaintiff was pregnant at the time, Sanan was afforded an emergency interview. Following the interview, the consular office informed Sanan that his tourist visa application was placed in "administrative processing." Throughout 2023, plaintiff requested an expedited review of the application but was again informed that the application had been placed in administrative processing. In October, 2023, Sanan submitted a DS-260 visa application. He subsequently attended an interview with the United States Consulate in Montreal, Canada. Two weeks later, the consulate informed Sanan that his application remained under administrative processing.

In 2024, plaintiff filed suit in this Court against defendants alleging that 1) she is entitled to relief via writ of mandamus, 2) Sanan's application was subject to an "unreasonable delay" in violation of the Administrative

Procedure Act ("APA") and 3) her due process rights have been violated. Defendants now move to dismiss the complaint.

## II. Legal Standard

To survive a motion to dismiss, a plaintiff's complaint must contain factual matter sufficient to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if, after accepting as true all non-conclusory factual allegations, the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In considering the merits of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).

## III. Application

### A. Consular Non-Reviewability

In their motion to dismiss, defendants first argue that none of plaintiff's claims is actionable as a matter of law because the doctrine of consular non-reviewability prohibits this Court from reviewing them on the merits.

Under the doctrine of consular non-reviewability, the denial of a visa is generally "insulated from judicial review"

because the Immigration and Nationality Act (INA) "does not authorize" a court to "review . . . a consular officer's denial of a visa." Dep't of State v. Munoz, 602 U.S. 899, 906, 908 (2024). The Supreme Court has recognized a "narrow exception" to non-reviewability when the denial of a visa "burdens the constitutional rights of a U.S. citizen." Id. at 908; Trump v. Hawaii, 585 U.S. 667, 703 (2018). In such cases, the denial must be predicated upon a "facially legitimate and bona fide reason." Kleindienst v. Mandel, 408 U.S. 753, 770 (1972).

A second exception to the consular non-reviewability doctrine arises when judicial review has been authorized by statute. See Liberty Church of the Assemblies of God v. Pompeo, 470 F. Supp. 3d 74, 77 n.3 (D. Mass. 2020). The APA authorizes a party to seek judicial review based upon a claim that there has been an "unreasonabl[e] delay" in an agency taking action. 5 U.S.C. § 706. Claims under the APA are subject, however, to any "other limitations on judicial review." 5 U.S.C. § 702.

Neither the Supreme Court nor the First Circuit has addressed whether the non-reviewability doctrine imposes a limitation on delay claims. Other sessions of this Court have, however, generally concluded that there is no delay exception to non-reviewability and therefore relief under the APA is precluded. See, e.g., Samandar v. Blinken, 599 F. Supp. 3d 28, 29 (D. Mass. 2022) ("[T]he doctrine of consular non[-]reviewability

precludes review under the APA."); ZigZag LLC v. Kerry, 2015 WL 1061503, at *6 & n.4 (D. Mass. Mar. 10, 2015) ("[T]he doctrine of consular non-reviewability stands as an exception to review under the APA."); see also Am. Socio. Ass'n v. Chertoff, 588 F. Supp. 2d 166, 174 (D. Mass. 2008) (finding decision regarding visa "is generally precluded from judicial review" under the APA "by the long-standing doctrine of consular non[-]reviewability).

This session of this Court came to the opposite conclusion in Dy v. Blinken when it adopted the reasoning of the United States District Court for the District of Columbia and determined that the consular non-reviewability doctrine is inapplicable where, as here, a plaintiff

> do[es] not seek judicial review of a consular decision[] but instead seek[s] a final decision on their applications.

703 F. Supp. 3d 314, 317 (D. Mass. 2023) (quoting Didban v. Pompeo, 435 F. Supp. 3d 168, 174 (D.D.C. 2020)); see Conley v. U.S. Dep't of State, No. CV 24-10131-FDS, 2024 WL 1640074, at *4 (D. Mass. Apr. 16, 2024) (recognizing contrast between Dy and other decisions). The Court therefore declines to dismiss plaintiff's claims on those grounds alone. See Conley, 2024 WL 1640074, at *4 (declining to dismiss delay claim based upon non-reviewability).

### B. Merits of Plaintiff's Claim

#### 1. Unreasonable Delay and Mandamus (Counts I-II)

Defendants alternatively move to dismiss on the grounds that neither a claim of unreasonable delay nor a petition for writ of mandamus is viable where, as here, the visa application at issue has already been refused and placed in "administrative processing."

To state a claim for unreasonable delay under the APA, a plaintiff must present sufficient allegations that 1) a government agency has failed to take a legally required action and 2) the agency's delay in taking action was unreasonable. Norton v. S. Utah Wilderness All., 542 U.S. 55, 62-63 (2004); see 5 U.S.C. § 555(b) ("[W]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it.").

In processing visa, consular officials are charged with taking particular action. See 22 C.F.R. §§ 41.121(a), 42.81(a). The consular official must refuse the requested visa if he "knows or has reason to believe that [the applicant] is ineligible to receive a visa." 8 U.S.C. § 1201(g). In some cases, a visa application will be placed in "administrative processing" which indicates that the visa has been refused but may be subject to reconsideration. See U.S. Dep't of State, Admin. Processing Info., at https://travel.state.gov/content/

travel/en/us-visas/visa-information-resources/administrative-processing-information.html (last accessed Nov. 22, 2024).

Neither the Supreme Court nor the First Circuit has addressed whether the allegation that a visa application was placed under "administrative processing" can sustain an unreasonable delay claim. Most other sessions of this Court have found that a visa application subject to administrative processing and reconsideration is a final decision and therefore cannot form the basis of a viable unreasonable delay claim under the APA. See, e.g., Conley, 2024 WL 1640074, at *4 (citing Dy, 703 F. Supp. 3d at 317; Jean v. Garland, 636 F. Supp. 3d 221, 223 (D. Mass. 2022)); accord Tariq v. Blinken, 2023 WL 2661543, at *1 (N.D. Tex. Jan. 31, 2023) (finding "fact that the consular officer identified additional documents that could be submitted for reconsideration of . . . the visa application" insufficient to overcome dismissal).

To the extent other sessions of this Court, as well as other federal courts, have found such claims viable, see, e.g., Ghannad-Rezaie v. Laitinen, No. 24-CV-11665-PBS, 2024 WL 4849587, at *3 (D. Mass. Nov. 21, 2024); see also, e.g., Saleh v. Tillerson, 293 F. Supp. 3d 419, 431 (S.D.N.Y. 2018); Mohamed v. Pompeo, 2019 WL 4734927, at *4 (E.D. Cal. Sept. 27, 2019), the Court disagrees. As explained in Conley, the mere fact that a decision on a visa application may be subject to reconsideration

does not, alone, support a viable claim for unreasonable delay. 2024 WL 1640074, at *4; accord Sackett v. EPA, 566 U.S. 120, 127 (2012) ("The mere possibility that an agency might reconsider . . . does not suffice to make an otherwise final agency action non[-]final."). Even if such reconsideration is mandatory, moreover, see Ghannad-Rezaie, 2024 WL 4849587, at *3 (D. Mass. Nov. 21, 2024) (citing 22 C.F.R. § 42.81(e)), nothing in the applicable regulatory text requires the refusal of a visa to be final or otherwise not subject to "administrative processing," Yaghoubnezhad v. Stufft, No. 1:23-CV-03094 (TNM), 2024 WL 2077551, at *8 (D.D.C. May 9, 2024). Because no statute or regulation requires additional action by defendants after placement into "administrative processing," this Court is without authority to compel further action on the visa application.

Accordingly, the Court finds that a visa application subject to administrative processing cannot form the basis of an unreasonable delay claim and plaintiff's APA claim will therefore be dismissed. See Conley, 2024 WL 1640074, at *4; (dismissing unreasonable delay claim where visa had already been refused and placed in administrative proceeding); Ahmed v. Miller, No. 19-11138, 2020 WL 3250214, at *2, 7 (E.D. Mich. June 16, 2020), aff'd sub nom. Baaghil v. Miller, 1 F.4th 427 (6th

Cir. 2021) (same); <u>Bamdad</u> v. <u>U.S. Dep't of State</u>, No. 23-757, 2024 WL 1462948, at *3 (W.D. Tex. Feb. 9, 2024) (same).

Because petitions for writ of mandamus in visa cases are addressed under the same standard as unreasonable delay claims, plaintiff petition for writ of mandamus will also be dismissed for the same reasons outlined above. See <u>Ghannad-Rezaie</u>, 2024 WL 4859192, at *4 (addressing APA and mandamus claims jointly and dismissing them on same grounds); <u>Durrani</u> v. <u>Bitter</u>, No. CV 24-11313-FDS, 2024 WL 4228927, at *6 (D. Mass. Sept. 18, 2024) (same); <u>accord</u> <u>Palakuru</u> v. <u>Renaud</u>, 521 F. Supp. 3d 46, 54 (D.D.C. 2021) (indicating courts "evaluate (and reject) a claim for mandamus under the same analysis as [an] unreasonable-delay claim").

### 2. Due Process (Count III)

Finally, defendants contest plaintiff's claim that her due process rights were violated based upon her "fundamental right" to her family unit and the agency's alleged unreasonable delay.

The Court agrees that plaintiff's claim to a fundamental right to her family unit is unavailing. Recent Supreme Court precedent makes plain that "a [U.S.] citizen," such as plaintiff, "does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." <u>Munoz</u>, 602 U.S. at 909.

It is unclear whether plaintiff also attempts to assert a procedural due process claim because her complaint does not specify the kind of due process claim alleged. To the extent plaintiff seeks also to raise a procedural due process claim, it too is without merit. Even if plaintiff suffered harm from the delayed adjudication of the visa application, as she alleged, "that harm does not give [plaintiff] a constitutional right to participate in [the] consular process." Id. at 918.

Because plaintiff does not allege a constitutionally protected interest, either from a fundamental right to her reunion with her non-citizen spouse or in the adjudication of his visa application, her complaint fails to state a plausible due process claim and will be dismissed. See Durrani, 2024 WL 4228927, at *7 (citing Munoz and rejecting both substantive and procedural due process claims); see also Conley, 2024 WL 1640074, at *5 (dismissing due process claim brought by spouse regarding allegedly delayed administrative processing of visa).

ORDER

For the foregoing reasons, the motion to dismiss of defendants, Anthony J. Blinken, United States Secretary of State; Rene Bitter, Assistant Secretary for Consular Affairs; Julie Stufft, Deputy Assistant Secretary for Visa Services; Robert P. Sanders, Consul General of Montreal and the United States Department of State (Docket No. 11) is **ALLOWED**.

**So ordered.**

                                                          /s/ Nathaniel M. Gorton
                                                          Nathaniel M. Gorton
                                                          United States District Judge

Dated:  February 25, 2025